UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>KIRK ANTHONY BOWMAN,<br><br>Defendant(s). | Case No. 2:13-CR-307 JCM (CWH)<br><br>ORDER |

Presently before the court is petitioner Kirk Bowman's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 35). The government filed a response in opposition (ECF No. 38), to which petitioner replied (ECF No. 39).

Also before the court is petitioner's emergency motion for hearing/status conference. (ECF No. 40).

**I.     Facts**

On December 3, 2013, petitioner pleaded guilty to counts three, four, seven, nine, ten and eleven of the indictment (ECF No. 10) and admitted that he robbed and attempted to rob branches of U.S. Bank and Wells Fargo Bank, financial institutions insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a). (ECF No. 24). The plea agreement included, *inter alia*, a waiver of the right to appeal his conviction and sentence, except an upward departure, and all non-waivable claims of ineffective assistance of counsel. (ECF No. 24).

On March 17, 2014, the court sentenced petitioner to 151 months custody, followed by three (3) years supervised release. (ECF No. 28). Petitioner was advised of his rights to file an appeal. (ECF No. 28). The court entered judgment on March 20, 2014. (ECF No. 31).

**James C. Mahan**
**U.S. District Judge**

1  In the instant motion, petitioner moves to vacate the career offender enhancement in his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requests that the court resentence him to 130 months. (ECF No. 35).

## II.  Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III.  Discussion

As an initial matter, petitioner's "emergency" motion for hearing (ECF No. 40) was filed as a separate motion requesting a hearing in violation of Local Rule 78-1, which states "[p]arties must not file separate motions requesting a hearing." Regardless, "[a]ll motions may be considered and decided with or without a hearing." LR 78-1. In the instant matter, the court finds that a hearing is not necessary to consider and decide petitioner's motion to vacate. Thus, petitioner's emergency motion for hearing will be denied.

In the instant motion, petitioner argues that under 28 U.S.C. § 2255, he is entitled to a resentencing when his original sentence was in excess of the maximum authorized by law or was imposed in violation of the Constitution or laws of the United States. (ECF No. 35 at 3). Petitioner asserts that in light of *Johnson*, he is not a career offender and his sentence violates due process as it was premised on an unconstitutional application of U.S.S.G. § 4B1.2(a)'s residual clause. (ECF No. 35 at 2–3). Petitioner thus concludes that he should be resentenced to 130 months rather than the current sentence of 151 months. (ECF No. 35).

**James C. Mahan**
**U.S. District Judge**

- 2 -

The court disagrees. In *Johnson v. United States*, the United States Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). In particular, the Supreme Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id*. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. 2555–56.

*Johnson* is inapplicable here because petitioner was not sentenced under the ACCA's residual clause. Nonetheless, petitioner argues that the court should apply *Johnson*'s holding to the instant case and find that the USSG § 4B1.2(a)'s residual clause is also unconstitutional because the two residual clauses are identical in language. (ECF No. 35 at 4).

The residual clause in § 4B1.2(a)(2), however, is equally inapplicable here. Focusing on the unconstitutionality of the residual clause in § 4B1.2(a)(2), petitioner ignores the fact that no residual clause was applied in his case.

The presentence report ("PSR") stated that "the instant offense is a qualifying felony offense" and that petitioner "has at least two prior qualifying felony convictions" so as to be considered a career offender under USSG § 4B1.1. (PSR at 11). The PSR listed four prior offenses, two of which qualified as a controlled substance offense under § 4B1.2(b) and two of which qualified as a crime of violence under § 4B1.2(a)(1). (PSR at 16, 17, 20, 22). Section 4B1.2 provides as follows:

> (a) The term "**crime of violence**" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>     **(1) has as an element the use, attempted use, or threatened use of physical force against the person of another**, or
>     (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

**James C. Mahan**
**U.S. District Judge**

- 3 -

(b) The term "**controlled substance offense**" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(c) The term "**two prior felony convictions**" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (*i.e.*, two felony convictions of a crime of violence, **two felony convictions of a controlled substance offense**, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*.

U.S.S.G. § 4B1.2 (emphasis added).

Moreover, petitioner contends that he "is not subject to the career offender enhancement because neither his current and prior offenses for federal bank robbery and attempted federal bank robbery pursuant to 18 U.S.C. § 2113(a) nor his Nevada battery with substantial bodily harm qualify as 'crimes of violence' under U.S.S.G. § 4B1.2." (ECF No. 35 at 12). In particular, petitioner argues that "to qualify as a crime of violence under the force clause, federal bank robbery must have an element of 'physical force.'" (ECF No. 35 at 21).

Notably, the plea agreement sets forth the essential elements of a bank robbery, which does just that. Specifically, the plea agreement provides as follows: (1) On or about the dates specified in each of the respective counts, defendant took money belonging to U.S. Bank; (2) **defendant used force and violence**, or intimidation, in doing so; and (3) the deposits of U.S. Bank were then insured by the Federal Deposit Insurance Corporation." (ECF No. 24 at 5) (emphasis added).

Further, petitioner claims that with the career offender enhancement and acceptance of responsibility, the guideline range was 151 to 188 months based on a total offense level of 29 and a criminal history category of roman numeral six (VI). (ECF No. 35 at 2–3). Without the career offender enhancement and with acceptance of responsibility, however, petitioner contends that the guideline range would have been 130 to 162 months based on a total offense level of 27 and a criminal history category of roman numeral six (VI). (ECF No. 35 at 3).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Importantly, even applying the guideline range that petitioner seeks—*i.e.*, total offense level of 27, 130 to 162 months—petitioner's sentence of 151 months would still nonetheless be within that range.

Furthermore, as previously discussed above, petitioner was not sentenced under the ACCA's residual clause, rendering *Johnson* inapplicable and the instant motion untimely. Motions to vacate a sentence pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

28 U.S.C. § 2255(f).

Judgment was entered on March 20, 2014. (ECF No. 31). Petitioner filed the instant motion more than one year later, on February 24, 2016. (ECF No. 35). Therefore, petitioner's motion is untimely.

Accordingly, based on the foregoing, the court will deny petitioner's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Lastly, the court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>> (B) the final order in a proceeding under section 2255.

James C. Mahan
U.S. District Judge

- 5 -

        (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
        (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Kirk Bowman's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 35) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's emergency motion for hearing/status conference (ECF No. 40) be, and the same hereby is, DENIED.

DATED October 14, 2016.

                                                                                         /s/ James C. Mahan
                                                                                  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**