UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-CR-307 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| KIRK ANTHONY BOWMAN, | |
| Defendant(s). | |

Presently before the court is Kirk A. Bowman's ("defendant") motion for compassionate release. (ECF No. 46). The United States of America ("the government") filed a response (ECF No. 48), to which defendant replied (ECF No. 53).

Also before the court is the government's motion to seal exhibits. (ECF No. 49).

**I.   Background**

As relevant to this motion, pursuant to a plea agreement, defendant pleaded guilty to five counts of bank robbery and one count of attempted bank robbery. (ECF Nos. 23; 24). On March 17, 2014, the court sentenced defendant to 151 months' incarceration per count, all to run concurrently with one another. (ECF Nos. 28; 31).

While defendant has been incarcerated, the novel strain of coronavirus and COVID-19, the resultant respiratory disease, has run rampant throughout the country and the world. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, "[s]ome people are more likely than others to become severely ill, which means that they may require hospitalization, intensive care, or a ventilator to help them breathe, or they may even die." *See*

**James C. Mahan**
**U.S. District Judge**

Center for Disease Control, *People Who Are at Increased Risk for Severe Illness,* (June 25, 2020).[1] People with certain underlying medical conditions are particularly susceptible to COVID-19. Center for Disease Control, *People with Certain Medical Conditions,* (July 17, 2020).[2]

The CDC's list of at-risk persons has expanded, and new studies on COVID-19 vis-à-vis comorbidities continue to be promulgated. *Id.*; *see also*, *e.g.,* Xianxian Zhao, et al., *Incidence, clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and meta-analysis* (March 20, 2020);[3] Safiya Richardson, et al., *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York City Area* (April 22, 2020).[4]

Defendant now moves this court to grant him compassionate release, arguing that his age (55), Hepatitis C, asthma, hypertension, and sleep apnea place him at heightened risk of contracting and acutely suffering from COVID-19. (ECF No. 46). Defendant also notes that, of his 12-and-a-half-year sentence, he has already been incarcerated for 7 years. *Id.* The government opposes the motion, arguing that defendant's medical conditions are not sufficiently "extraordinary and compelling" and that he poses a danger to the community. (ECF No. 48).

## II.  Legal Standard

"Even though courts ordinarily have the inherent authority to reconsider its [their] prior orders, such authority does not exist when there is an 'express rule to the contrary.'" *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). One such contrary rule is relevant here: "A court generally may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). Instead, the court may modify a sentence only when expressly authorized by statute.

---

[1] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html.

[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] Available at https://www.medrxiv.org/content/10.1101/2020.03.17.20037572v1.full.pdf.

[4] Available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

**James C. Mahan**
**U.S. District Judge**

The court is expressly authorized to modify a sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). However, courts may consider compassionate release only "upon motion of the Director of the Bureau of Prisons . . . ." *Id.* If a defendant wants to file such a motion with the court, he must fully exhaust his administrative remedies before doing so. *Id.* Since the enactment of the First Step Act, a defendant may file a compassionate-release motion if his application to the BOP goes unanswered for thirty days. *Id.*

To be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13 (2018). Under U.S. Sentencing Guidelines Manual § 1B1.13, "extraordinary and compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 (2018).

### III. Discussion

As an initial matter, the government moves to seal defendant's medical records. (ECF No. 49). The court finds that this sensitive medical information is traditionally kept secret and therefore properly filed under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The grants the government's motion to seal accordingly.

First, the government concedes that "[t]his [c]ourt may consider [defendant's] motion" because more than 30 days have passed since he petitioned the warden of his facility for release. (ECF No. 48 at 5). Thus, the court turns to the two-prong analysis under 18 U.S.C. § 3582(c)(1)(A)—both prongs of which the government disputes.

The bulk of defendant's motion discusses the national COVID-19 pandemic and the BOP's response thereto in general terms. (*See generally* ECF No. 46). Defendant's discussion of his underlying medical conditions is limited to a single paragraph as follows:

> Mr. Bowman is 55 years old. BOP medical records confirm Mr. Bowman has Hepatitis C.11 He has hypertension and receives daily

**James C. Mahan**
**U.S. District Judge**

- 3 -

> medication.12 Mr. Bowman has asthma for which is prescribed an Albuterol Inhaler. Mr. Bowman also suffers from sleep apnea.13 Individually and as a result of the combination of his medical conditions, Mr. Bowman is at increased risk of contracting COVID-19 and of heightened risk of serious illness or death from COVID-19.

*Id.* at 8.

The government urges that these conditions are neither extraordinary nor compelling. (ECF No. 48 at 12–16). The government notes that defendant's "Hepatitis C, though diagnosed in 1999, was characterized as 'asymptomatic' as recently as August of last year." *Id.* at 14. Further, defendant admits that "treatment to completely cure Hepatitis C exists and is available in the BOP," but argues that he "has still not been provided treatment." (ECF No. 53 at 5).

Both parties concede that defendant's "hypertension and asthma are managed with medication." (ECF Nos. 46 at 8; 48 at 14). Further, the government notes that his hypertension is "benign" (ECF No. 48 at 14), a point that defendant does not dispute (ECF No. 46).[5]

Defendant's medical conditions are adequately managed by the BOP. The court concludes that defendant's conditions do not "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 (2018). The court denies defendant's motion.

Even assuming that defendant's conditions, in the aggregate, rise to the level of "extraordinary and compelling" reasons for compassionate release, defendant's extensive history of violent crime militates against compassionate release. On this point, defendant advances three arguments: (1) his criminal history was driven by a drug addiction, for which he has received treatment; (2) his age and 7 years of incarceration mean he is unlikely to reoffend; and (3) any danger to the community can be mitigated by terms of supervised release. (ECF No. 46 at 15–16;

---

[5] The court notes that *pulmonary* hypertension increases a person's COVID-19 risk. Center for Disease Control, *People with Certain Medical Conditions,* (July 17, 2020). Simple hypertension (high blood pressure), however, "may" increase COVID-19 risk, but can be managed by medication. *Id.* Defendant contends that he has hypertension and does not specify whether is pulmonary hypertension or not. (ECF No. 46). Regardless, defendant concedes that his condition is managed by medication. *Id.*; (*see also* ECF No. 53).

James C. Mahan
U.S. District Judge

- 4 -

53 at 4). However, defendant tacitly concedes that he poses a danger to the community: "Mr. Bowman asks this [c]ourt to find he poses a risk that can be addressed with conditions under the third criterion." (ECF No. 46 at 16).

The government argues that neither defendant's prior drug treatment nor his "prior convictions and sentences were enough to stop [him] from continuing to break the law." (ECF No. 48 at 17). The government also notes that defendant "has failed to comply with conditions of supervision in the past," including committing criminal acts while on supervision that resulted in further convictions. *Id.* at 17–18.

The court finds that defendant poses a danger to the community and denies his motion on this ground as well.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for compassionate release (ECF No. 46) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion to seal (ECF No. 49) be, and the same hereby is, GRANTED.

DATED July 27, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -